Argued and submitted July 30, vacated and remanded for further proceedings
August 26, 2009

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# SHERYL DIANE SINGER,
*Defendant-Appellant.*

Jackson County Circuit Court
072595FE; A138767

216 P3d 897

Meredith Allen, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Anna M. Joyce, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Deits, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for possession of a controlled substance. She assigns error to the denial of her motion to suppress drug evidence, arguing that the police conducted an unlawful stop. We agree and vacate the judgment and remand for further proceedings.

Defendant was a passenger in a car that was stopped after the car's driver made an illegal turn. Defendant appeared "nervous," and the officer asked defendant for her name and date of birth to perform a warrant check. That check revealed that defendant was on probation for a drug offense. The officer returned to the car, asked defendant to get out of it, and asked for consent to search her purse, which defendant gave. The ensuing search produced drug evidence that defendant sought to suppress.

■■ Under Article I, section 9, of the Oregon Constitution, a "stop" occurs "(a) if a law enforcement officer intentionally and significantly restricts, interferes with, or otherwise deprives an individual of that individual's liberty or freedom of movement; or (b) whenever an individual believes that (a), above, has occurred and such belief is objectively reasonable under the circumstances." *State v. Holmes*, 311 Or 400, 409-10, 813 P2d 28 (1991). A "stop" of the second type occurs "whenever a person *subjectively* believes that a law enforcement officer significantly has restricted or interfered with that person's liberty or freedom of movement *and* such a belief is *objectively reasonable* under the circumstances." *State v. Toevs*, 327 Or 525, 535, 964 P2d 1007 (1998) (emphasis in original). A belief is "objectively reasonable" if "a reasonable person in defendant's position could have believed that the officers significantly had restricted his liberty or freedom of movement." *Id.* at 536.

The state concedes that "under this court's current case law, this court would conclude that defendant was stopped when the officer obtained defendant's name and date of birth and had that information run through dispatch." *See State v. Highley*, 219 Or App 100, 108, 180 P3d 1230 (2008); *State v. Rider*, 216 Or App 308, 172 P3d 274 (2007), *rev dismissed as improvidently allowed*, 345 Or 595 (2008). Properly understood, the state's concession is that, under *Highley* and

*Rider*, it was objectively reasonable for defendant to believe that the officer stopped her by requesting identifying information from her and running a warrant check. Although we are not bound by the state's concession, we agree that *Highley* and *Rider* control that issue, and, accordingly, we accept the state's concession.

However, that does not end our inquiry. For a *Holmes* "type (b)" stop to have occurred, we must also determine whether defendant subjectively believed that she was stopped. Because the trial court did not address that factual issue, we remand the case for the court to do that. Its resolution of the issue will determine whether defendant's conviction should be reinstated or her motion to suppress granted. *See State v. Ashbaugh*, 225 Or App 16, 28, 200 P3d 149 (2008), *rev allowed*, 346 Or 257 (2009).

Vacated and remanded for further proceedings.